UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKLE L. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:25 CV 490 RWS |
| | ) |
| PEPSICO, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER TO SHOW CAUSE**

This newly-removed case is before me on my review for subject matter jurisdiction. Plaintiff filed this action in state court alleging personal injuries caused by a fall on ice at defendant's premises. Defendant Pepsico, Inc.[1] removed this action to this Court on April 11, 2025, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010)

---

[1] Defendant contends that the other named defendant, Pepsi-Cola Bottling Group d/b/a Pepsi Beverages Company, is not a real entity and should be disregarded.

(citing *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005)).  Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).

In removal cases, the district court reviews the state court petition pending at the time of removal to determine the existence of subject matter jurisdiction.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938).  The district court may also look to the notice of removal to determine its jurisdiction.  28 U.S.C. § 1446(c)(2)(A)(ii).  The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).  "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]"  *Id.*

Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000."  28 U.S.C. § 1332(a).  When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.  28 U.S.C. § 1446(c)(2)(a).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) (emphasis supplied).

2

"Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." *Id.* at 89. When a court makes a factual inquiry into the amount in controversy issue, "the court can consider the plaintiff's pre- and post- removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, as long as the stipulation can be considered as *clarifying* rather than amending an original pleading." *Jackson v. Fitness Resource Group, Inc.*, No. 4:12CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (internal quotation marks and citation omitted).

Here, the petition pleads only damages in excess of $25,000, the minimum amount necessary to invoke the state court's jurisdiction. Defendant asserts that the damages exceed the jurisdictional threshold simply based on plaintiff's rote assertions regarding the state jurisdictional threshold and allegations of injury. Given the nature of plaintiff's claims and in the absence of evidence, I question whether the amount in controversy has been met.

I will give defendant until May 5, 2025, to supplement its Notice of Removal with additional evidence, if any exists, which would permit me to find, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Plaintiff may file any opposition to removal by the same date and/or a motion for remand in accordance with the time limitations set out in

3

the statute, and the Court would also consider a clarifying stipulation from plaintiff as evidence regarding the amount in controversy should plaintiff choose to file one. To be considered probative clarifying evidence, such a stipulation must be signed by plaintiff and should ideally state that "the amount of damages claimed is and will forever be not in excess of $75,000, exclusive of interests and costs," and must also state that "plaintiff agrees to the Court placing an irrevocable cap on the amount of damages which may be sought or awarded to him, and he understands the stipulation is binding and cannot be revoked."  Plaintiff must also address defendant's assertion that the other named defendant is not a real entity and provide evidence to the Court that it is, as alleged, a Missouri corporation.  No additional briefing or a hearing will be permitted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall show cause in writing no later than **May 5, 2025**, why this case should not be remanded for lack of subject matter jurisdiction by supplementing its Notice of Removal as set out above.

**IT IS FURTHER ORDERED** that plaintiff may file any opposition to defendant's Notice of Removal by **May 5, 2025**, and/or a motion to remand or clarifying stipulation as set out above in accordance with the time limitations set by statute.  By **May 5, 2025**, plaintiff shall file a memorandum addressing defendant's

4

contention regarding the other defendant and provide evidence in support of its allegation that said defendant is a Missouri corporation.

    **No extensions of time will be granted.**

_____<br>
RODNEY W. SIPPEL<br>
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2025.